UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY JANE WILLIAMS, *et al.*, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>MARTIN J. WALSH, in his )<br>official capacity as Secretary of )<br>Labor, *et al.*, )<br>)<br>*Defendants*. )<br>) | Civil Action No. 21-1150 (RC) |

## JOINT STATUS REPORT

Pursuant to the Court's Order dated November 9, 2021, the parties have conferred and submit the following joint status report "reflecting their respective positions on … [the] effect, … an order granting [31] Plaintiff's Unopposed Motion for Leave to File a Supplemental Complaint [would] have on [18] Defendants' pending Motion to Dismiss and/or on [22] Plaintiffs' pending Motion for a Preliminary Injunction?" Minute Order of November 9, 2021.

**Plaintiffs' Position**

Plaintiffs' original complaint plausibly stated a challenge to two Department of Labor (DOL) regulations, 20 C.F.R. §§ 655.10(f)(1) and 655.10(f)4), which permit employers seeking to import foreign H-2B workers to use employer-provided wage surveys to undercut the lawful OES prevailing wage. Plaintiffs, who have worked in Louisiana crawfish for many years and intend to continue to do so, alleged that they had suffered financial and competitive injury as a result of Defendants' use of the challenged regulations to approve employer-provided crawfish surveys in the past and were threatened with continued loss of wages and competitive harm from

1

similar employer-provided surveys in future seasons. Defendants moved to dismiss, arguing Plaintiffs had no alleged a concrete injury from the challenged regulations, as well as arguing the claims were not ripe and were moot (the latter because the 2021 season was nearly over when the complaint was filed and no employer surveys had yet been approved for the 2022 Louisiana crawfish season).  That motion lacked merit. *See* Doc. 21 (Plaintiffs' opposition to motion to dismiss). That said, if there were any lingering doubt as to Plaintiffs' standing and the continuing threat of harm they face from the challenged regulations, the supplemental complaint cures those deficiencies by making clear that the threatened harm set forth in the original complaint has now come to pass.

      The supplemental complaint alleges that Plaintiffs Williams, Lewis, Johnson, Lee, and Flores Gaxiola still intend to work in crawfish processing jobs during 2022, Doc. 31-2 ¶¶ 4, 5, 7, that Defendants recently approved 2021 Louisiana Crawfish Wage Survey pursuant to the challenged regulations, and that, like past crawfish surveys, the new survey will allow Louisiana employers to pay far less than the lawful OES prevailing wage. *Id.* ¶¶ 12–13. Payment of that sub-OES wage will result in direct wage loss to Plaintiffs Williams, Lewis, and Johnson during the 2022 crawfish season as all three of them work for Crawfish Distributors, Inc., one of the employers whose use of the 2021 Wage Survey has been approved by DOL. *Id.* ¶ 27; *see also* Doc. 31-4 at 9. Plaintiff Lee will also suffer wage loss and competitive injury as she will work in 2022 for an employer who must compete with crawfish processors paying the unlawful 2021 Wage Survey rate. Doc. 31-2 ¶¶ 28, 29. These allegations in the supplemental complaint unequivocally establish standing and the justiciability of Plaintiffs' claims and cure alleged defects, if any, in Plaintiffs' original complaint. *See Schahill v. Dist. of Columbia*, 909 F.3d

1177, 1184 (D.C. Cir. 2018) ("[W]e hold that a plaintiff may cure a standing defect under Article III through an amended pleading alleging facts that arose after filing the original complaint."); *Landmark Health Sols., LLC v. Not for Profit Hosp. Corp.*, No. CV 11-456 (RC), 2014 WL 685553 at *1 (D.D.C. Feb. 24, 2014) (citing *Mathews v. Diaz*, 425 U.S. 67, 75 (1976), in support of the proposition that "supplemental pleading can cure a subject matter jurisdiction deficiency"). *See also Pub. Emps. for Env't Resp. v. Nat'l Park Serv.*, No. CV 19-3629 (RC), 2021 WL 1198047, at *4 (D.D.C. Mar. 30, 2021) ("Supplementation is allowed even in situations where 'the original pleading is defective in stating a claim,' such as due to mootness." (quoting Fed. R. Civ. P. 15(d)). Thus, if the supplemental complaint is filed, the pending motion to dismiss should be denied as moot or set for a prompt hearing.

With regard to the Preliminary Injunction, the supplemental complaint demonstrates the urgent need for emergency relief.[1] Plaintiffs are facing yet another crawfish season where they will be forced to accept significantly substandard wages (i.e., wages below the OES prevailing wage that would be enforced but for the challenged regulations) or face losing their job positions to H-2B workers willing to work for such substandard wages. Absent a preliminary injunction notifying Louisiana employers prior to the beginning of the season (generally in February or March) that their approved survey wages are subject to challenge and that they may be required to pay higher wages if Plaintiffs' challenge is successful, Plaintiffs will have little chance of recovering their lawful wages and the adverse effect on wages that Congress sought to avoid will

---

[1] In light of Defendants' stated objections to the requested preliminary relief and in the interest of expediting the issuance of a preliminary injunction, Plaintiffs are open to limiting the scope of their request and would welcome the opportunity to address the proper scope of relief in a hearing before the Court.

become a fact. *See Frederick Cty. Fruit Growers Ass'n v. McLaughlin*, 703 F. Supp. 1021, 1028–29 (D.D.C. 1989), *aff'd*, 996 F.2d 1265 (D.C. Cir. 1992) (granting equitable restitution of lawful wages for 1983 because employers had notice of the potential invalidity of their DOL-approved wages but denying restitution for 1984 where employers had no notice that their approved wages were potentially unlawful); *UFW v. U.S. DOL*, No. 1:20-cv-01690, 2021 WL 1946696 (E.D. Cal. May 14, 2021), *clarified in* 2021 WL 2402244 (E.D. Cal. June 11, 2021) (granting, in a successful challenge to a DOL wage regulation governing the H-2A visa program, back wages from the date employers were notified pursuant to a preliminary injunction of the challenge to the wage regulation).

This challenge to Defendants' approval of employer-provided surveys as a substitute for valid, applicable OES prevailing wages is identical to the successful challenge to Defendants' prior employer-survey regulation that undercut the OES prevailing wage. *See CATA v. Perez*, 774 F.3d 173 (3d Cir. 2014) (vacating use of employer-surveys where a valid OES wage was available). The Third Circuit recognized the extraordinary harm suffered by workers as a result of the use of employer-provided surveys that undercut the lawful OES wage and, for that reason, granted expedited consideration to the plaintiffs' challenge after it had been dismissed by the district court. *Id.* at 182. The case went from notice of appeal to published opinion in less than four months.[2] Plaintiffs urge this Court to similarly recognize the urgency of addressing the harm that the challenged regulations cause both U.S. and H-2B workers by granting leave to file the supplemental complaint, setting a hearing at the earliest possible date on the pending motion to

---

[2] The docket sheet for case No. 14-3557 shows the notice of appeal was filed on August 8, 2014, and the opinion was filed on December 5, 2014.

dismiss and the motion for preliminary injunction, and entering a briefing schedule for summary judgment.

**Defendants' Position**

As a preliminary matter, Defendants intend to oppose Plaintiffs' motion for leave to file a supplemental complaint (ECF No. 31) as it exceeds the scope of what was discussed with Defendants' counsel prior to Plaintiffs' filing of that motion. Defendants intend on filing that opposition next Monday, November 22, 2021.

Even if the Court were to grant Plaintiffs' motion for leave to file a supplemental complaint, however, Defendants' motion to dismiss (ECF No. 18) and opposition to Plaintiffs' motion for a preliminary injunction (ECF No. 26) still present viable defenses that should be ruled upon by this Court. Regarding the former, the proposed supplemental complaint still includes numerous Plaintiffs who lack standing and moot claims against past years' wage surveys in the Louisiana crawfish industry. And for the latter, Defendants maintain that Plaintiffs' claims are unlikely to succeed on the merits, do not present a situation with immediate or irreparable injury, and that the equities still weigh against this Court issuing nationwide preliminary injunctive relief that goes well beyond the Louisiana crawfish industry and would require the United States Department of Labor to provide a mandatory communication to all potential H-2B employers across the country who obtained a prevailing wage determination based upon an employer-provided wage survey. Simply put, Defendants believe that even the supplemental complaint presents several plaintiffs without standing and several moot claims, and the preliminary injunction sought after is still vastly overbroad considering which Plaintiff(s) and claim(s) could actually remain in this litigation.

DATED: November 16, 2021 　　　　　　　　　　Respectfully submitted,

|  |  |
|---|---|
| Edward Tuddenham<br>(*Pro Hac Vice* pursuant to LCvR 83.2(g))<br>New York Bar No. 2155810<br>42 Ave. Bosquet<br>75007 Paris<br>France<br>+33 6 84 79 89 30<br>etudden@prismnet.com<br><br>*Counsel for All Plaintiffs*<br><br>Clermont F. Ripley<br>(*Pro Hac Vice* pursuant to LCvR 83.2(g))<br>North Carolina Bar No. 36761<br>Carol Brooke<br>(*Pro Hac Vice* pursuant to LCvR 83.2(g))<br>North Carolina Bar No. 29126<br>NORTH CAROLINA JUSTICE CENTER<br>P.O. Box 28068<br>Raleigh, NC 27611<br>(919) 856-2154<br>clermont@ncjustice.org<br>carol@ncjustice.org<br><br>*Counsel for Plaintiffs NOWCRJ, Williams, Lewis, Johnson, and Lee* | **/s/ Elizabeth T. Leiserson**<br>Elizabeth T. Leiserson<br>D.D.C. Bar No. TN0020<br>David Huang<br>(*Pro Hac Vice* pursuant to LCvR 83.2(g))<br>Tennessee Bar No. 038350<br>SOUTHERN MIGRANT LEGAL SERVICES<br>A Project of Texas RioGrande Legal Aid, Inc.<br>311 Plus Park Blvd., Ste. 135<br>Nashville, TN 37217<br>(615) 538-0725<br>eleiserson@trla.org<br>dhuang@trla.org<br><br>*Counsel for Plaintiff Flores Gaxiola*<br><br>Gregory S. Schell<br>(*Pro Hac Vice* pursuant to LCvR 83.2(g))<br>Florida Bar No. 287199<br>SOUTHERN MIGRANT LEGAL SERVICES<br>A Project of Texas RioGrande Legal Aid, Inc.<br>9851 Daphne Ave.<br>Palm Beach Gardens, FL 33410-4734<br>(561) 627-2108<br>gschell@trla.org<br><br>*Counsel for Plaintiff Flores Gaxiola*<br><br>Douglas L. Stevick<br>(*Pro Hac Vice* pursuant to LCvR 83.2(g))<br>Texas Bar No. 00797498<br>TEXAS RIOGRANDE LEGAL AID, INC.<br>5439 Lindenwood Ave.<br>Saint Louis, MO 63109<br>(314) 449-5161<br>dstevick@trla.org<br><br>*Counsel for Plaintiff Flores Gaxiola* |

BRIAN M. BOYNTON
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN GIRDHARRY
Assistant Director

<u>/s/ Joshua S. Press</u>
JOSHUA S. PRESS
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-0106
Fax: (202) 305-7000
e-Mail: joshua.press@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will deliver a copy to all counsel of record.

By: /s/ *Joshua S. Press*
    JOSHUA S. PRESS
    Senior Litigation Counsel
    United States Department of Justice
    Civil Division